Gibson, J.,
concurring. In view of the respondent’s right to apply for reinstatement after the passage of two years following the order of suspension, I concur in the judgment of the court. Paragraph 21, Rule XXVII of this court. Because of the nature of the issues decided in the instant case, I believe it desirable to comment briefly upon them.
Since it is evident that basically the court and the board of commissioners treat this as a case of solicitation, the following comments may not be inappropriate.
Although the solicitation of law business does not import venality, criminality, fraudulent practices or moral turpitude, it is inimical to the good reputation of the bar. Solicitation within the meaning of Canon 27 can not be precisely defined in such a way as to apply in every case.
Courts surely are not expected to be ignorant of things that other men well know. Everyone knows that attorneys, for their practice, depend upon friends, clients and former clients, and their activities within the community. Friends, acquaintances, and associates of an attorney have the unquestioned right to praise his legal abilities and to divert to him such clients as they can persuade in a legitimate way to engage his services.
This respondent has pursued the personal injury practice *271 of law successfully and aggressively. We would be naive to say that Ms enterprise has not occasionally carried him into areas where his activity is subject to criticism. In fact, the record clearly shows that in 1957 he was reprimanded by the Common Pleas Court for unprofessional conduct in soliciting professional employment by and through authorized agents and employees.
Charges No. 8 and No. 9 relate to instances where respondent advanced money to certain clients. Respondent admits that such advances were made but justifies them on the ground that they were made as acts of kindness at a time when these clients were in necessitous circumstances.
Clearly, the existence of an attorney-client relationship does not ipso facto make a loan from a lawyer to his client against public policy or contrary to the Canons of Professional Ethics. Canon 42 expressly recognizes that a lawyer may in good faith advance expenses of litigation as a matter of convenience but subject to reimbursement. Perhaps an occasional advance or loan by a lawyer to his client is not proscribed. At best it is a practice which should be followed infrequently and used with extreme caution because it has long been questioned by the courts and the organized bar. It may well be that the advances made by respondent were of such amounts and frequency, and without a sufficiently clear obligation on the part of the clients to reimburse respondent regardless of recovery, that the finding that respondent is guilty of unprofessional conduct in violation of Canon 10 and Canon 27 is proper.
In charge No. 13, the respondent is accused of conspiring with Michael Orlando and paying Orlando money for preparing lawsuits against the Baltimore & Ohio Railroad, which was Orlando ’s employer. The evidence shows that Orlando worked for the railroad from 11:00 p. m. to 7:00 a. m., five days a week, and that- the daytime was his own without restriction. There is nothing unethical in the employment of an investigator. It can not be inferred from such employment that the attorney is ‘ ‘ ambulance chasing.” In fact the board did not find that Orlando had been soliciting claims for respondent. It found instead that respondent was guilty of misconduct because he was a party to a transaction which caused Orlando to breach his duty of loyalty to his employer.
*272 The principle that “an agent can not serve two masters” is well established. Certainly an attorney may not ordinarily represent principals with conflicting interests, e. g., vendor and vendee of property. But here the respondent was a principal or master and not the agent or servant. It wonld appear that the penalty, if any, for a transgression of that principle should be borne by the agent, Orlando. I fail to find any provision in Canon 29 or Canon 32 which would require that a sanction be applied against the respondent, who merely made it possible for Orlando to attempt to serve “possible” conflicting interests.